UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **TRISHA HARDING,** individually, and on behalf of others similarly situated,<br><br>                Plaintiff,<br>vs.<br><br>**REVOLUTION PREP, LLC,**<br><br>                Defendant. | Case No. |

## COLLECTIVE AND CLASS ACTION COMPLAINT WITH JURY DEMAND

Plaintiff, **TRISHA HARDING** (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys, **JTB LAW GROUP LLC**, hereby brings this Collective and Class Action Complaint against Defendant, **REVOLUTION PREP, LLC** (hereinafter referred to as "Defendant"), and alleges of her own knowledge and conduct and upon information and belief as to all other matters, as follows:

### INTRODUCTION

1.  Plaintiff brings this action, individually and as a collective action on behalf of all others similarly situated, to recover unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs as a result of Defendant's willful violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.* and attendant regulations at 29 C.F.R. § 516, *et seq.*

2.  Plaintiff also brings this action, individually and as a Rule 23 class action on behalf of all others similarly situated to recover unpaid overtime wages, liquidated damages, pre-judgment interest, and reasonable attorneys' fees and costs as a result of Defendant's violation of the New York Labor Law, N.Y. Labor Law §§ 650 *et seq.* and 190, *et seq.* and 12 NYCRR § 142-2.2, *et seq.* (collectively the "NYLL").

3. Defendant Revolution Prep, LLC, is an American-based company that offers test preparation courses nationwide including group classes, private tutoring to students and online courses for the SAT and ACT standardized achievement tests.

4. Defendant employs a staff of "Academic Advisors", including Plaintiff from approximately July 2016. The principal job duty of an "Academic Advisors" is to sell tutoring programs.

5. Defendant classified its "Academic Advisors" as salary-exempt employees and paid them a fixed salary plus commission regardless of how many hours they worked.

6. Defendant improperly classified its "Academic Advisors" as salary-exempt employees and paid them a fixed salary plus commission regardless of how many hours they worked, which exceeded forty (40) hours in most weeks.

7. As "Academic Advisors," Plaintiff and the putative FLSA collective and Rule 23 class members performed primary job duties that do not fall within any exemptions from overtime compensation under the FLSA and NYLL.

8. The FLSA and NYLL require non-exempt employees to be compensated for overtime work at the mandated overtime wage rate pursuant to 29 U.S.C. § 207(a)(1) and 12 NYCRR § 142-2.2.

9. As a result, Defendant failed to pay Plaintiff and the putative FLSA collective and Rule 23 class members the statutorily required overtime compensation at a rate not less than one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek.

10. Plaintiff asserts the FLSA claims not only individually, but also on behalf of a putative FLSA collective, defined as:

> *All individuals employed by Defendant as "Academic Advisors" at any time from 3 years prior to the filing of this Complaint through the date of judgment.*

11. Plaintiff seeks to send a Notice pursuant to 29 U.S.C. § 216(b) to all "Academic Advisors" of Defendant permitting them to assert FLSA claims in this collective action by filing their individual consent forms.

12. Plaintiff asserts her NYLL claims not only individually, but also on behalf of a putative NYLL class pursuant to Fed. R. Civ. P. 23, defined as:

> *All individuals employed by Defendant as "Academic Advisors" in the State of New York at any time from 6 years prior to the filing of this Complaint through the date of judgment.*

13. For at least six (6) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed widespread violations of the above-described statutes and corresponding regulations, in the manner described herein.

## JURISDICTION AND VENUE

14. This Court has subject-matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 because Plaintiff's claim raises a federal question under 29 U.S.C. § 201, *et seq*.

15. The court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367 because it derives from a common nucleus of operative facts as Plaintiff's federal claim.

16. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) and (3) because Defendant employed Plaintiff in this district and because a substantial portion of the events that give rise to the Plaintiff's claims occurred in this district.

## PARTIES

**Defendant**

17. Defendant is headquartered in Santa Monica, California with a principal business address located at 1337 Third Street Promenade 2nd Floor, Santa Monica, CA 90401.

18. Defendant employs a staff of "Academic Advisors," including Plaintiff as sales representatives to sell tutoring programs.

**Plaintiff – Trisha Harding**

19. Plaintiff Trisha Harding is a resident of New York, and signed a consent form to join this lawsuit, which is attached as *Exhibit A*.

20. Defendant has employed Plaintiff Harding as an "Academic Advisor" from approximately July 2016 through the present.

21. Plaintiff mainly works out of her home office in Brooklyn, NY and continues to work there throughout her employment with Defendant.

22. Plaintiff Harding's job duties as an "Academic Advisor" are to sell tutoring programs.

## FACTUAL ALLEGATIONS

23. Defendant is an employer defined under 29 U.S.C. § 203(d) of the FLSA and N.Y. Labor Law §§ 190(3), 651(6).

24. Plaintiff Trisha Harding is an "employee" of Defendant within the meaning of 29 U.S.C. § 203(e)(1) and N.Y. Labor Law §§ 190(2), 651(5).

25. Defendant's annual gross revenues were in excess of $500,000 per annum.

26. Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

27. Defendant "suffered or permitted" Plaintiff and the putative FLSA collective and Rule 23 class members to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

28. Defendant has employed Plaintiff as an "Academic Advisor" from approximately July 2016 through present, during which Defendant paid Plaintiff a fixed annual salary plus commissions.

29. As an "Academic Advisor," Plaintiff and the putative FLSA collective and Rule 23 class members performed primary job duties that do not fall within any exemptions from the overtime wages under the FLSA and NYLL.

30. Defendant improperly classified their "Academic Advisors" as an Outside Salesman exempt employee positions.

31. 29 C.F.R. § 541.502 provides, in part:

> An outside sales employee must be customarily and regularly engaged "away from the employer's place or places of business." The outside sales employee is an employee who makes sales at the customer's place of business or, if selling door-to-door, at the customer's home. Outside sales does not include sales made by mail, telephone or the Internet unless such contact is used merely as an adjunct to personal calls. Thus, any fixed site, whether home or office, used by a salesperson as a headquarters or for telephonic solicitation of sales is considered one of the employer's places of business, even though the employer is not in any formal sense the owner or tenant of the property.

32. "Academic Advisors" spend most, if not all their time, working from their home offices.

33. "Academic Advisors" make most, if not all their sales by telephone or internet.

34. Defendant classified "Academic Advisors" as exempt from overtime.

35. Defendant *misclassified* "Academic Advisors" as exempt from overtime.

36. Defendant required its "Academic Advisor" to regularly work over forty (40) hours in a workweek.

37. Defendant failed to pay Plaintiff and the FLSA collective and Rule 23 class members' overtime compensation at time-and-a-half (1.5) of their regular rate of pay for all hours worked in excess of forty (40) in a workweek.

38. For example, in both of the workweeks of June 12, 2017 to June 18, 2017, and June 19, 2017, to June 25, 2017, Plaintiff worked over forty (40) hours; and the only compensation she received was her salary, which amounted to $1653.85 in that bi-weekly pay period.

39. At all relevant times alleged herein, Plaintiff and the putative FLSA collective and Rule 23 class members have been subjected to the common pay policy and practice of Defendant as stated herein that violated the FLSA and NYLL.

40. At all relevant times alleged herein, Defendant has, directly or indirectly, hired Plaintiff and the putative FLSA collective and Rule 23 class members; has controlled their work schedules and conditions of employment; and determined the rate and method of the payment of wages.

41. At all relevant times alleged herein, Defendant has maintained control, oversight, and direction over Plaintiff and the putative FLSA collective and Rule 23 class members, including the promulgation and enforcement of policies affecting the payment of their wages including overtime compensation.

42. Defendant's wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith, or in conformity with or in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the state and/or U.S. Department of Labor

6

and/or any state department of labor, or any administrative practice or enforcement practice or enforcement policy of such departments.

43. Defendant knowingly, willfully, and/or with reckless disregard carried out its illegal pattern or practice regarding its failure to pay Plaintiff proper overtime compensation. As set forth herein, other prior and current FLSA collective and Rule 23 class members were subjected to the same wrongful policies, practices, and/or procedures.

## COLLECTIVE ACTION ALLEGATIONS

44. Plaintiff re-alleges and incorporates all previous paragraphs herein.

45. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on her own behalf and on behalf of:

> *All individuals employed by Defendant as "Academic Advisors" at any time from 3 years prior to the filing of this Complaint through the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

46. With respect to the claims set herein, a collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they have been or are performing the same or similar job duties as one another on behalf of Defendant; (b) they were or are subject to the same or similar unlawful practices, policy, or plan; and (c) their claims are based upon the same factual and legal theories.

47. Members of the FLSA collective are all improperly classified as exempt employees by Defendant.

48. As a result of the foregoing policies, there were many weeks in which Defendant

failed to compensate members of the FLSA collective at an overtime premium rate of not less than one and one-half (1.5) times their regular rate of pay for hours worked in excess of forty (40) per workweek as required by the FLSA.

49. Plaintiff estimates the FLSA collective, including both current and former employees over the relevant period, will include approximately one hundred (100) employees. The precise number of FLSA collective members should be readily available from a review of Defendant's personnel and payroll records.

50. Defendant's conduct and practices, described herein, was and is willful, intentional, unreasonably, arbitrary, and in bad faith.

## RULE 23 CLASS ACTION ALLEGATIONS

51. Plaintiff re-alleges and incorporates all previous paragraphs herein.

52. Plaintiff additionally seeks to maintain this action as a class action, pursuant to the Federal Rules of Civil Procedure Rule 23 (Fed. R. Civ. P. 23) on her own behalf as well as those who are similarly situated, who, during the previous six years, were subjected to violations of the New York Labor Law, N.Y. Labor Law § 650 *et seq*.

53. The Rule 23 class which Plaintiff seeks to define is as follows:

> *All individuals employed by Defendant as "Academic Advisors" in the State of New York at any time from 6 years prior to the filing of this Complaint through the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

54. The members of the Rule 23 class are so numerous that joinder of all Class members in this case would be impractical. Plaintiff reasonably estimates that there are a substantial number of Class members in the State of New York. Class members should be easy to identify from Defendant's computer systems and electronic payroll and personnel records.

55. There is a well-defined community of interest among Class members and common questions of law and fact predominate in this action over any questions affecting each individual Class member. These common legal and factual questions, include, but are not limited to, whether Class members were misclassified as exempt under the "outside sales" exemption.

56. Plaintiff's claims are typical of those of the Class members in that they and all other Class members suffered damages as a direct and proximate result of Defendant's common and systemic payroll policies and practices. All of the Class members were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay overtime compensation at a rate of one and a half (1.5) times their regular rate of pay for hours worked in excess of forty (40) hours in a workweek. Any lawsuit brought by an employee of Defendant would be identical to a suit brought by any other employee for the same violations and separate litigation would cause a risk of inconsistent results.

57. Plaintiff is employed by Defendant in the same capacity as all of the Class members. All Class members are/were treated the same or similarly by management with respect to pay or lack thereof. This treatment included, but was not limited to, failure to compensate employees the proper overtime wages. Thus, there are common questions of law and fact which are applicable to each and every one of the Class members.

58. Plaintiff will fully and adequately protect the interests of the Class members and has retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. Plaintiff and her counsel do not have interests that are contrary to, or conflicting with, the interests of the Class members.

59. Defendant's corporate-wide policies and practices affected all Class members

similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff's claim arises from the same legal theories as all other Class members. Therefore, this case will be more manageable and efficient as a Class action. Plaintiff and her counsel know of no unusual difficulties in this case.

## COUNT I
### (29 U.S.C. § 216(b) Individual Claim)
### Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.
### FAILURE TO PAY OVERTIME

60. Plaintiff re-alleges and incorporates all previous paragraphs herein.

61. 29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

62. Defendant improperly classified Plaintiff as an exempt employee.

63. Plaintiff performed primary job duties that do not fall within any exemptions from overtime under the FLSA.

64. Plaintiff regularly worked in excess of forty (40) hours per workweek.

65. Defendant failed to compensate Plaintiff for overtime hours at a rate of not less than one and one half (1.5) times of her regular rate of pay for hours worked in excess of forty (40) per workweek, as required by the FLSA.

66. Defendant's conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

67. Because Defendant willfully violated the FLSA, a three (3) year statute of

limitations shall apply to such violation pursuant to 29 U.S.C. § 255(a).

68. As a result of Defendant's uniform policies and practices described above, Plaintiff was illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

**COUNT II**
**(29 U.S.C. § 216(b) Collective Action)**
**<u>Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.</u>**
**<u>FAILURE TO PAY OVERTIME</u>**

69. Plaintiff re-alleges and incorporates all previous paragraphs herein.

70. Defendant improperly classified Plaintiff and FLSA collective members as exempt employees.

71. Plaintiff and the FLSA collective members performed primary job duties that do not fall within any exemptions from overtime under the FLSA.

72. Plaintiff and the FLSA collective members regularly worked in excess of forty (40) hours per workweek.

73. Defendant paid Plaintiff the FLSA collective members a fixed salary plus commissions regardless of how many hours they worked in a workweek.

74. Defendant failed to pay Plaintiff and the FLSA collective members the federally mandated overtime compensation at a rate not less than time-and-a-half (1.5) of their regular rate of pay for worked hours in excess of forty (40) per week.

75. Defendant's conduct and practices, described herein, was willful, intentional, unreasonably, arbitrary, and in bad faith.

76. Because Defendant willfully violated the FLSA, a three (3) year statute of limitations applies to such violation pursuant to 29 U.S.C. § 255(a).

77. As a result of Defendant's uniform policies and practices described above, Plaintiff and the FLSA collective members were illegally deprived of proper overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

### COUNT III
### (NYLL, N.Y. Labor Law § 650 *et seq*., Individual Claims)
### FAILURE TO PAY OVERTIME

78. Plaintiff re-alleges and incorporates all previous paragraphs herein.

79. 12 NYCRR 142-2.2 provides:

> An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of sections 7 and 13 of 29 U.S.C. 201 *et seq*., the Fair Labor Standards Act of 1938…

80. Defendant employed Plaintiff within the meaning of the NYLL.

81. Defendant improperly classified Plaintiff as an exempt employee.

82. Plaintiff performed primary job duties that do not fall within any exemptions from overtime compensations under the NYLL.

83. Plaintiff regularly worked in excess of forty (40) hours per workweek.

84. Defendant paid Plaintiff a fixed salary plus commissions regardless of how many hours she worked in a workweek.

85. Defendant failed to pay Plaintiff the state mandated overtime compensation at a rate not less than time-and-a-half (1.5) of her regular rate of pay for worked hours in excess of forty (40) per week.

86. Defendant's conduct and practices, described herein, was/is willful, intentional,

unreasonable, arbitrary and in bad faith.

87. As a result of the foregoing, Plaintiff was illegally denied proper overtime compensation, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid wages, liquidated damages, and reasonable attorneys' fees and costs pursuant to NYLL.

## COUNT IV
### Fed R. Civ. P. 23 Class Action
### Violations of NYLL, N.Y. Labor Law § 650 *et seq*.,

88. Plaintiff re-alleges and incorporates all previous paragraphs herein.

89. Defendant employed Plaintiff and Class members within the meaning of the NYLL.

90. Defendant improperly classified Plaintiff and Class members as exempt employees.

91. Plaintiff and Class members performed primary job duties that do not fall within any exemptions from overtime wages under the NYLL.

92. Plaintiff and Class members regularly worked in excess of forty (40) hours per workweek.

93. Defendant paid Plaintiff and Class members a fixed salary plus commissions regardless of how many hours they worked in a workweek.

94. Defendant failed to pay Plaintiff and Class members the state overtime compensation at a rate not less than time-and-a-half (1.5) of their regular rate of pay for worked hours in excess of forty (40) per week.

95. Defendant's conduct and practices, described herein, were/are willful, intentional, unreasonable, arbitrary and in bad faith.

96. As a result of the foregoing, Plaintiff and Class members were illegally denied

proper overtime compensation, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid wages, liquidated damages, and reasonable attorneys' fees and costs pursuant to NYLL.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief against Defendant:

(A)   A declaratory judgment that Defendant's wage practices alleged herein violate the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(B)   A declaratory judgment that Defendant's wage practices alleged herein violate the overtime provisions of the New York Labor Law, N.Y. Lab. Law §§ 650 *et seq.* and 190, *et seq.* and 12 NYCRR § 142-2.2;

(C)   An Order for injunctive relief ordering Defendant to comply with the FLSA and NYLL and end all of the illegal wage practices alleged herein;

(D)   An Order certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

(E)   An Order certifying this action as a class action pursuant to Fed R. Civ. P. 23 with respect to the NYLL claims set forth herein;

(F)   An order for Defendant to disclose in computer format, or in print if no computer readable format is available, the names, addresses, e-mail addresses, telephone numbers, dates of birth, job titles, dates of employment and locations of employment of all FLSA collective and Rule 23 class members;

(G)   An order authorizing Plaintiff's counsel to send notice(s) of this action to all

FLSA collective and Rule 23 class members, including the publishing of notice in a manner that is reasonably calculated to apprise the FLSA collective members of their rights by law to join and participate in this lawsuit;

(H)　　An order designating Lead Plaintiff as the representative of the FLSA collective and Rule 23 class in this action;

(I)　　An order designating the undersigned counsel as counsel for the FLSA collective and Rule 23 Class in this action;

(J)　　Judgment for damages for all unpaid overtime compensation and liquidated damages to which Plaintiff and the FLSA collective members are lawfully entitled under the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(K)　　Judgment for damages for all unpaid overtime compensation, liquidated damages and pre-judgment interest to which Plaintiff and the Rule 23 class members are lawfully entitled under the New York Labor Law, N.Y. Lab. Law §§ 650 *et seq.* and 190, *et seq.* and 12 NYCRR § 142-2.2;

(L)　　An incentive award for the Lead Plaintiff for serving as representative of the FLSA collective and Rule 23 class in this action;

(M)　　Declaring Defendant willfully violated the FLSA and the Department of Labor's attendant regulations as cited herein;

(N)　　Declaring Defendant violated and that said violations were intentional, willfully oppressive, fraudulent and malicious;

(O)　　Awarding reasonable attorneys' fees and costs incurred by Plaintiff in this action as provided by the FLSA and NYLL;

(P)　　Judgment for any and all civil penalties to which Plaintiff and the FLSA

collective and Rule 23 class members may be entitled; and

(Q) Awarding such other and further relief as this Court deems necessary, just and proper.

## **JURY DEMAND**

Plaintiff, Trisha Harding, individually and on behalf of all other FLSA collective and Rule 23 class members, by and through their attorneys, hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled claims.

RESPECTFULLY SUBMITTED,

Dated: January 22, 2018        By:   /s/ *Nicholas R. Conlon*
                                     Nicholas R. Conlon
                                     Jason T. Brown
                                     **JTB LAW GROUP, LLC**
                                     155 2nd St., Suite 4
                                     Jersey City, NJ 07302
                                     T: (877) 561-0000
                                     F: (855) 582-5297
                                     nicholasconlon@jtblawgroup.com
                                     jtb@jtblawgroup.com

                                     *Attorneys for Plaintiff*